IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY C. PRICE, )
 )
            Petitioner, )
 )
v. ) Case No. 23-3093-JWL
 )
D. HUDSON, Warden, USP-Leavenworth, )
 )
           Respondent. )
 )
_____)

## MEMORANDUM AND ORDER

Petitioner has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that the Bureau of Prisons (BOP) has not calculated his release date correctly, despite his sentencing court's orders clarifying its intent that petitioner receive a sentence that effectively ends 28 months after his release from state custody. Petitioner has not shown, however, that the BOP has violated any federal law in calculating and administering the sentence actually imposed, whatever the intent of the sentencing court may have been. Accordingly, the Court must **deny** the petition.

### I.    Background

In 2020, petitioner pleaded guilty to a federal firearm offense in the United States District Court for the District of Colorado. That court sentenced petitioner to a term of imprisonment of 55 months, with 27 of those months to be served concurrently with a particular state court sentence and the remaining 28 months to be served consecutive to the

state court sentence.  Petitioner then moved for reconsideration of the sentence, out of concern for how the federal sentence might be calculated after his release from state custody, but the court denied the motion as premature.  The court did note its intent that, because petitioner had already served at least 27 months on the state offense, he would serve a 28-month federal sentence once his state sentence was concluded.

Petitioner completed his state sentence in June 2021, and he was then remanded to federal custody.  In May 2022, petitioner filed in the Colorado federal court a *pro se* motion to correct his sentence, based on the calculation by the Bureau of Prisons (BOP) of a projected release date for him of February 17, 2024.  By an Opinion and Order of July 12, 2022, the court denied the motion.  The court conceded that the BOP's calculation was contrary to the intent of the court and the parties at the time of sentencing, as the intent was that petitioner would serve 28 months after the completion of his state sentence.  The court further noted that the Government had responded that it did not object to the relief requested by petitioner, that the Government agreed with petitioner that his federal custody began in January 2018, and that the Government agreed that the court intended petitioner to serve an aggregate total of 55 months.  The court also noted, however, that federal law did not allow it have the federal sentence begin to run prior to the date of sentencing, as would need to have occurred for that intent to be effected by the court's actual sentence. Thus, the court concluded that it could not grant relief as requested under Fed. R. Crim. P. 36 because the judgment did not actually contain a clerical error.  The court stated that the BOP was responsible for applying any credits for time served in state custody, and thus it suggested that the "proper procedural vehicle" for petitioner to raise his concerns with the

BOP's calculation was a Section 2241 petition filed in this Court, in the district of petitioner's imprisonment, after the requisite exhaustion of administrative remedies. The court stated that it would express no opinion on how the BOP might choose to calculate petitioner's release date in light of the intent of the court and parties at sentencing, and it observed that petitioner could possibly persuade the BOP to make a *nunc pro tunc* designation concerning the place of petitioner's federal confinement, pursuant to 18 U.S.C. § 3621(b)(4), based on the court's statement of its intent at the time of sentencing that petitioner would serve a term of only 28 months after the completion of his statement sentence.

On April 3, 2023, petitioner filed the instant petition *pro se*. On May 4, 2023, respondent filed its response to the petition, in which he opposes the request for relief and argues that the BOP has calculated petitioner's release date in accordance with federal law as applied to the sentence actually imposed. On June 6, 2023, petitioner filed his traverse, and the matter is now ripe for ruling.

**II.   Analysis**

As a preliminary matter, respondent notes petitioner's concession that he has not exhausted his administrative remedies with respect to this claim. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile," s*ee Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), and it would appear that exhaustion would be futile here in light of respondent's insistence that federal law does not allow the BOP to grant petitioner the credit that he requests. The Court need not decide

the exhaustion issue, however, because petitioner has failed to show an entitlement to relief, and the Court therefore may deny the petition on the merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (in Section 2241 proceeding, following policy of 28 U.S.C. § 2254(b)(2), which allows for the denial on the merits of an unexhausted habeas claim).

The sentencing court, in denying petitioner's last motion, told petitioner that he would need to file a habeas petition in this Court to challenge the BOP's calculation of his sentence and refusal to grant the requested credit for time served in state custody prior to the federal sentencing. There is simply no basis, however, for this Court to grant relief under Section 2241, as there is no basis for the Court to find that the BOP has violated federal law in calculating the sentence actually imposed. *See* 28 U.S.C. § 2241(c)(3).

First, as the sentencing court conceded, it had no power to order petitioner's sentence to run before the date of sentencing, *see Demartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (unpub. op.) (citing *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)), and petitioner has not disputed that fact or argued otherwise. Petitioner argues that he is entitled to credit for his time in state custody pursuant to 18 U.S.C. § 3585(b); but that that statute requires credit for time served "that has not been credited against another sentence," and petitioner has not disputed that in this case his time in state custody was credited against his state sentence. Therefore, this Court cannot grant relief to petitioner in light of the sentence that was actually imposed by the sentencing court. Although the sentencing court and the Government agreed in petitioner's criminal

4

case that that sentence was not intended by the court or the parties, this Court also lacks any power to change petitioner's sentence to effect that intent.

The sentencing court wondered about a possible *nunc pro tunc* designation by the BOP that could somehow help petitioner. It is not clear whether the BOP could or would use such a designation or whether such a designation would aid petitioner. There is no record, however, that petitioner has ever requested such a designation. As the sentencing court noted, any such relief would fall within the discretion of the BOP, and there is no such denial by the BOP for this Court to review.

Finally, the Court notes that it has been made aware that petitioner, through counsel, may apply to the sentencing court for relief under the compassionate release statute, 18 U.S.C. § 3582(c), or pursue some other form of relief from the sentencing court. As discussed, this Court is powerless to remedy the circumstances that have led to petitioner's serving a sentence that was not intended by the court or the parties at sentencing; but it expresses its hope that relief may yet be afforded by the sentencing court in response to such efforts.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of June, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge